In the Matter of TIME SALES FINANCE CORPORATION and its wholly owned subsidiary corporations, Chateau Realty Corporation and Marpoole, Inc., Bankrupts.

No. 30377.

United States District Court,
E. D. Pennsylvania.

Nov. 20, 1969.

Adelman & Lavine, Sidney Chait, Philadelphia, Pa., for trustee (Raymond R. Walsh).

Howard Wallner, Philadelphia, Pa., for Bernard M. Gross.

## MEMORANDUM ORDER

CLARY, District Judge.

This matter comes before the Court on a Petition for Review of an Order by the Referee in Bankruptcy in which the Referee set aside an earlier Order which confirmed the sale of premises 1306 Arch Street, Philadelphia, Pennsylvania, to the petitioners. The Referee's Certificate on the Petition for Review was filed with this Court on December 19, 1969. A hearing on the Petition was held by this Court on April 14, 1970, and briefs were submitted.

The premises in question were assets of the bankrupt estate and were appraised by a Court-appointed appraiser at a value of $90,000. The Trustee of the bankrupt estate entered into a written agreement of sale with Jerome Rosoff whereby he agreed to sell the premises to Rosoff, or nominee, for $90,000 subject to certain conditions, free and clear of all liens and encumbrances. The sale was expressly subject to confirmation by the Bankruptcy Court. On September 26, 1969, the Trustee filed a Petition with the Referee for an Order approving the private sale to Rosoff for $90,000, sub-

ject to a 6% real estate commission, to Lanard & Axilbund, Inc.

The Referee ordered a hearing on the Petition and ordered ten days' written notice to all known creditors and parties in interest. The Referee notified the creditors that the hearing would be on October 13, 1969. At the hearing on the latter date, the Trustee presented an Affidavit of Mailing of Notices in accordance with the Court's Order and stated that the hearing was also on notice to all general creditors. Apparently, quite a few creditors were present at the hearing. The Trustee also alleged that he believed the consideration of $90,000 to be fair and reasonable. The Referee asked whether there was any objection on the part of any party in interest to the sale being free and clear of all liens and encumbrances, and after receiving no response, he asked whether anyone wanted to offer more than the $90,000 offer contained in the Petition. A bid of $90,500 was made by Bernard M. Gross, and there being no higher bids, the Referee entered an Order of Confirmation directing the Trustee to sell to the high bidder, Bernard M. Gross, or nominee, in consideration of $90,500. Within an hour of the confirmation, the Trustee informed the Referee that notice of the hearing on the Petition to sell had been given to neither Mr. Rosoff, the original bidder, nor to the real estate broker, Lanard & Axilbund, Inc. The Referee then reconvened the hearing and stated that the bidding should be reopened for the benefit of the estate and in fairness to the original bidder. After the Referee ascertained that the original bidder was willing to bid in excess of $90,500, he ordered a rehearing. After submission of briefs, the Referee entered his Opinion and Order, dated November 20, 1969, setting aside his earlier confirmation of the sale and ordering that another hearing be held. It is this Order which is the basis of the Petition for Review.

The pivotal issue before this Court is whether the Referee abused his discretion in setting aside the Order of Confirmation dated October 13, 1969.

The setting aside of a confirmed sale is a matter within the equitable jurisdiction of the Bankruptcy Court. There is a distinction between proceedings to set aside a sale and confirmation proceedings, which is particularly important when irregularities in the sales procedure are asserted. Irregularities that fall short of fundamental defects cannot be availed of as grounds for vacating a confirmed sale. Collier on Bankruptcy, Vol. 4A, § 70.98, pp. 1183–1187. A confirmed sale should be set aside only on the grounds of fraud, accident or mistake, or some other cause for which equity would avoid a like sale between private parties. Morrison v. Burnette, 154 F. 617 (8 Cir., 1907).

This Court cannot find that the sale to the confirmed bidder, Gross, was so fundamentally defective and unfair as to justify the Referee in setting aside the sale after confirmation. There is nothing in either statutory or decisional law which requires that notice be given to a prospective purchaser whose bid is subject to confirmation by the Bankruptcy Court. It is unfortunate that the original bidder, Rosoff, was not given notice of the confirmation hearing by the Trustee, but whatever equity principles favor the original bidder are far outweighed by the equities in favor of the confirmed bidder. The confirmed bidder had gained equitable title as the result of confirmation. In the Matter of Burr Mfg. and Supply Co., 217 F. 16 (2 Cir., 1914).

The judicial sale involved here was a private sale and the original bidder knew that his offer was subject to the confirmation of the Bankruptcy Court. The record indicates that the original bidder and his counsel did nothing to inform themselves of the date of the impending hearing. The Trustee and his counsel had full knowledge of the original bidder's interest in the sale, knew of the absence of both Rosoff and his

counsel, and yet allowed the proceedings to continue. The confirmed bidder, Gross, attended the confirmation hearing in order to bid on the property involved and there is no dispute that he was an innocent purchaser who was not responsible for the absence of Rosoff and his counsel at the confirmation hearing. If the original bidder, Rosoff, intended to bid higher than his original bid, it was incumbent upon him to make arrangements in advance to protect his interest against the danger that he might be outbid when his privately contracted bid was exposed to other bids at the confirmation hearing. For example, he could have informed the Trustee in advance that he was willing to bid higher than his contract bid.

This is not a case where there was an inadequate price accepted by the Referee when he confirmed the sale to Gross. The Referee's finding that the "price appears to have been inadequate" is not supported by the record. The Trustee alleged at the confirmation hearing that the bid of $90,000 was fair and reasonable. The confirmed bid of Gross, in the amount of $90,500, was $500 higher than the appraised value set by the Court-appointed appraiser. Merely because the original bidder indicated that he would be willing to enter a higher bid after confirmation is no excuse to set aside the confirmation and reopen bidding. The primary concern of the Bankruptcy Court must be the interest of the creditors; but in this case, all of the creditors present approved the sale and no objection has been made by any creditor to the entry of the Order of Confirmation.

Public policy requires stability in judicial sales, whether public or private. In the case of In re Stanley Engineering Corporation, 164 F.2d 316 (3 Cir., 1947), cert. den. sub nom. Root v. Galman, 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417 (1948), the Third Circuit recognized this policy favoring stability and finality in judicial sales, even though the Court in that case was dealing with a failure to confirm a judicial sale and was not dealing with the setting aside of a confirmation order. The public policy considerations enunciated in *Stanley* apply more strongly to a case such as the present one where an Order of Confirmation had already been entered. Unlike the public sale involved in *Stanley*, the genuine competitive bidding at an authorized private sale takes place at the confirmation hearing. In order to induce reliance upon private judicial sales and encourage bidding at hearings to confirm private sales, something more must be shown than has been shown in the present case in order to justify the Referee in setting aside his Order of Confirmation.

### ORDER

And now, to wit, this 4th day of June, 1970, for the reasons set forth in the foregoing Memorandum, it is ordered, adjudged and decreed that the Order of the Referee dated November 20, 1969 be set aside, and the Order of Confirmation dated October 13, 1969 be confirmed.