445 F.2d 385
 In the Matter of TIME SALES FINANCE CORPORATION and its wholly owned
subsidiary corporations, Chateau Realty Corporation and
Marpoole, Inc. Appeal of Raymond R. WALSH, Trustee
in Bankruptcy of the Estate of Time
Sales Finance Corporation,
Bankrupt, in No. 19239.
Appeal of Jerome ROSOFF, in No. 19240.
 Nos. 19239, 19240.
 United States Court of Appeals, Third Circuit.
 Argued June 1, 1971.
Decided July 9, 1971.
 
 Sidney Chait, Adelman & Lavine, Philadelphia, Pa., for Raymond r. walsh.
 S. Robert Levant, Philadelphia, Pa., for Jerome Rosoff.
 Howard Wallner, Philadephia, Pa., for appellee.
 Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 McLAUGHLIN, Circuit Judge.
 
 
 1
 In this bankruptcy matter, the trustee filed a petition with the referee for authority to sell certain real estate of the bankrupt at private sale, free and clear of liens and encumbrances, to appellant Jerome Rosoff for $90,000. This was subject to a six percent commission to the broker who had obtained the purchaser.
 
 
 2
 The referee fixed October 13, 1969 as a hearing date and directed that notices of same be sent to all known creditors, parties in interest, the taxing authorities, the mortgagee and counsel for the creditors' committee. The referee at the hearing asked if there were any bids higher than that of Mr. Rosoff. Bernard Gross, an attorney, for himself, his partner Mr. Sklar and their wives, bid $90,500.00. As that was the highest bid made, the referee confirmed the sale to Mr. Gross and his associates.
 
 
 3
 Within an hour of the confirmation, counsel for the trustee informed the referee that through an oversight he had failed to notify Rosoff, the original bidder, or his real estate broker of the time and place of the hearing for consideration of the proposed sale. As a result neither Rosoff or his real estate man was present. The referee then fixed October 16, 1969, as a hearing date for testimony on the question of whether the order confirming the sale should be reconsidered.
 
 
 4
 In his opinion and order of November 20, 1969, the referee held that Rosoff was clearly a 'party in interest' who was entitled to notice of the October 13th hearing. That holding cannot be faulted. The sole reason for the meeting was the petition fo the trustee for permission to sell the particular property to Rosoff for $90,000.00. The latter had a vital interest in attending the hearing personally or by his real estate broker, not only to protect his bid but if there were a higher bid or bids, to meet it or them and if necessary and he so desired, to top any raise in the bidding.
 
 
 5
 In ordering that the confirmation of the sale be set aside and another sale hearing be held the referee ruled that under the indisputable circumstances 'To permit this sale to stand would be unconscionable.'
 
 
 6
 On petition for review the district judge stated 'The pivotal issue before this Court is whether the Referee abused his discretion in setting aside the Order of Confirmation date October 13, 1969.' The judge properly conceded that a fundamental defect arising through accident or mistake vitiates a confirmed sale. (Collier on Bankruptcy, Vol. 4A 70.98 pp. 1183-1187.) And he frankly stated that 'It is unfortunate that the original bidder, Rosoff, was not given notice of the confirmation hearing by the Trustee. * * *' The court then reversed the ruling of the referee because it 'cannot find that the sale to the confirmed bidder, Gross, was so fundamentally defective and unfair as to justify the Referee in setting aside the sale after confirmation.' Having in mind that admitedly the question of whether the sale to Gross should be set aside was within the discretion of the referee it is significant that the judge actually in effect did find that the Gross sale was fundamentally defective and unfair to Rosoff but not to the extent of setting that sale aside. Nowhere in the district court opinion, 313 F.Supp. 589, is there a holding stating that the referee abused his discretion in setting the sale aside and ordering a new hearing regarding the sale of the property involved.
 
 
 7
 As above noted the trustee had been directed by the referee to sent notices of the meeting to all known creditors and parties in interest. At the hearing, the trustee's attorney advised the referee that he had done so. He so spoke because he thought he had notified Rosoff's real estate representative. Testifying at the hearing, the attorney said that he had been mistaken about notifying Rosoff's agent. He further testified that 'The referee would not direct me to send notice to the proposed purchaser because having been in the practice of law for many years he knows and would assume an experienced counsel for the Trustee would have sent notice to a proposed purchaser of a private sale. I think in 35 years of practice in bankruptcy law, this is the first case I ever neglected to notify the proposed purchaser at a private sale.' There is nothing in this record warranting appeallee's deliberate assumption that the referee and Mr. Chait, attorney for the trustee, considered that the meeting notification called for by the referee had been performed by Mr. Chait. The latter as a hearing witness, entirely disagreed with the assumption of the Gross lawyer. Mr. Chait testified that it was his own mistake in thinking that he had notified Rosoff (the prime party in interest) through Rosoff's real estate agent, of the confirmation hearing on October 13, 1969. It was because Rosoff in fact had not been so advised of the hearing and therefore was not present himself or by his representative, that the referee rightly determined that the sale had been basically unfair to Rosoff and must be set aside. As Mr. Chait said 'If I had known that I had not notified Lanard and Axilbund (Rosoff's real estate agents) I would have requested an adjournment to find out or to give them notice and to rectify the error I had made. I had assumed that they had been notified, which was my error.'
 
 
 8
 Appellee expressly relies upon In re Stanley Engineering Corporation, 164 F.2d 316, 318 (3rd Cir. 1947) as does the district judge. Appellee urges this court to affirm the district court on that basis 'in the interest of preserving integrity in judicial sales.' In Stanley the rule under which this opinion is written is sharply emphasized and reads pp. 318, 319:
 
 
 9
 'That judicial sales, made upon due notice and in accordance with law, will be confirmed unless (a) there was fraud, unfairness or mistake in the conduct of the sale; * * * Where the bankruptcy court fails to confirm a judicial sale in the absence of unfairness, fraud or mistake or gross in adequacy of price, its action will be reversed on the ground of abuse of its legal discretion.'
 
 
 10
 In this appeal we have the all important innocent mistake of the trustee's attorney that directly produced the totally unfair exclusion of Rosoff from the hearing on his own bid. The major question is one of common decency. The referee immediately, and completely within his sound discretion, called for a new hearing which gave everybody concerned equal opportunity to buy the particular property.
 
 
 11
 The referee's action was sound and right and strictly in line with the Stanley opinion. The order of the district court was clearly wrong. It will be reversed and the case will be remanded to the bankruptcy court for the hearing contemplated by the order of said court of November 20, 1969.