**Sidney H. WRIGHT, III,**
**Plaintiff–Appellee,**
**v.**
**PREFERRED RESEARCH, INC., a**
**Georgia Corp.,**
**Defendant–Appellant.**
**No. 89–7014.**
United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 1990.

George L. Beck, Jr. and W. Terry Travis, Montgomery, Ala., for defendant-counter-claim-plaintiff-appellant.

James A. Ward, III, Dothan, Ala., for plaintiff-counterclaim-defendant-appellee.

Before VANCE[*], HATCHETT and CLARK, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING IN BANC

PER CURIAM:

In this petition for rehearing we are asked to reconsider whether defendant-appellant Preferred Research, Inc. filed its notice of appeal prematurely. Earlier we dismissed this appeal because Preferred's notice was filed while plaintiff-appellee Sidney Wright still had a motion for reconsideration pending before the district court. Preferred now argues that Wright's motion for reconsideration was untimely, and ʋnat in any event it was not the type of motion that bars a notice of appeal. Finding no merit in these contentions, we deny Preferred's petition for rehearing.

### I.

In the district court plaintiff-appellee Sidney H. Wright, III (hereinafter "Wright") was awarded $1,500,000 in punitive damages and $7,000 in compensatory damages. The judgment and order in Wright's favor was entered on July 14, 1988. A week later defendant-appellant Preferred Research, Inc. (hereinafter "Preferred") filed motions for judgment notwithstanding the verdict ("j.n.o.v."), for a new trial, and for a stay of proceedings. On July 26, 1988, the trial court granted Preferred's motion to stay the proceedings until the disposition of Preferred's other motions. On December 13, 1988, the trial court denied the motion for j.n.o.v. and ordered that the motion for a new trial be denied on the condition that Wright file a consent to remittitur not later than December 28, 1988. Wright filed both a consent to the remittitur and a motion to reconsider the remittitur order on December 28, 1988. On January 4, 1989, Preferred filed its notice of appeal. On January 6, 1989, the trial judge denied Wright's motion to reconsider the order of remittitur, but allowed Wright additional time to brief his request for equitable relief contained in the motion to reconsider the order of remittitur. On January 31, 1989, the trial court denied Wright's motion for reconsideration "in all remaining respects."

On July 27, 1989, this panel entered an order dismissing Preferred's appeal on the ground that, because Preferred filed its notice of appeal prior to the disposition of Wright's motion for reconsideration, the notice was premature. Preferred has filed a petition for rehearing to which we now respond.

### II.

■ Fed.R.App.P. 4(a)(1) provides that notice of appeal in a civil case must be filed within 30 days from the entry of judgment. This time limit is mandatory and jurisdictional. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). When a party files one of the motions for post-judgment relief enumerated in Fed.R.App.P. 4(a)(4), however, the commencement of the appeal period is tolled until the resolution of the motion. *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir.1988).

In the present case, judgment was entered on July 14, 1988. The finality of the judgment was suspended, however, and the appeal period was tolled, when Preferred filed motions for j.n.o.v. and for a new trial. Fed.R.App.P. 4(a)(4); *Phinney v. Houston Oil Field Material Co.*, 252 F.2d 357, 359 (5th Cir.1958).

■ The district court denied all of Preferred's motions but denied the motion for new trial conditionally upon Wright's acceptance of a remittitur. When Wright accepted the remittitur on December 28, 1988, the judgment became final and appealable, actuating the 30–day period within which a notice of appeal must be filed. *Howell v. Marmpegaso Compania Naviera, S.A.*, 566 F.2d 992, 993 (5th Cir.1978).

---

[*] This opinion was concurred in by Honorable Robert S. Vance prior to his death on December 16, 1989.

The precise question before us now is whether Wright tolled the beginning of the time limit once again by filing a motion for reconsideration. If so, Preferred's notice of appeal was premature; if not, the notice was effective.

In order to decide this question, it is necessary to decide two subsidiary questions: whether the motion for reconsideration was a "motion to amend the judgment" for the purposes of Fed.R.Civ.P. 59(e), and if it was, whether it was timely filed within the requirements of that rule.

A. *Whether the Motion for Reconsideration Was A Motion Pursuant To Rule 59(e)*

 Whether a motion for post-judgment relief can be categorized as a motion under Rule 59 is not determined by whether the movant so labels it. Rather, the court must determine independently what type of motion was before the district court, depending upon the type of relief requested. *Livernois*, 837 F.2d at 1020.

 Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir.1988); *Livernois*, 837 F.2d at 1021. A notice of appeal filed before entry of judgment denying a motion for reconsideration is ineffectual. *Griggs*, 459 U.S. at 61, 103 S.Ct. at 403; *Briggs v. Procunier*, 764 F.2d 368, 370 (5th Cir.1985).

This general rule applies, however, only where the motion for reconsideration represents the movant's *first attack* on the trial court's judgment. *Trowel Trades Emp. Health v. Edward L. Nezelek, Inc.*, 645 F.2d 322, 325 (5th Cir. Unit B May 1981).

> Both the language and purpose of Rule 4(a)(4) indicate that the time for appeal is postponed only by an *original* motion of the type specified. *I.e.*, a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal. However, if the disposition of the first motion results in a judgment which is substantively altered, a subsequent timely motion will again postpone the appeal period.

9 Moore's Federal Practice ¶ 204.12[1] (emphasis in original).

 Similarly, where the movant pleads substantially the same grounds in a second motion to reconsider as he did in his original pleading, *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir.1973), or seeks reconsideration of an amended order that does not enlarge upon a previously reconsidered order, *Dixie Sand & Gravel Co. v. Tenn. Valley Auth.*, 631 F.2d 73, 75 (5th Cir. 1980), then the time limit is not tolled. None of these exceptions to the general rule applies to Wright's motion for reconsideration, which represented the first attack on what was, in substance, a new and greatly reduced judgment.

The situation in the present case is similar to that in *Harrell v. Dixon Bay Transportation Co.*, 718 F.2d 123 (5th Cir.1983). In that case, the trial court granted in part and denied in part defendant Dixon Bay's motion for j.n.o.v., and Harrell filed a motion for reconsideration. On appeal, the court had to determine whether Harrell's motion postponed the commencement of the time period for filing his notice of appeal. The court decided that it did. 718 F.2d at 127.

The *Harrell* court recognized that earlier Fifth Circuit cases, *Wansor v. George Hantscho Co. Inc.*, 570 F.2d 1202 (5th Cir. 1978) and *Dockery v. Travelers Co. of Hartford, Connecticut*, 349 F.2d 1017 (5th Cir.1965), had identified certain instances in which motions for reconsideration did not further postpone the time for filing a notice of appeal beyond the time afforded by the decision on the original motion. *Harrell*, 718 F.2d at 127. The *Harrell* court pointed out, however, that these earlier cases had involved a set of facts different than those in *Harrell*:

> Dixon Bay's reliance on *Wansor* and *Dockery* is ... misplaced, since each case concerns a motion filed by a party asking the trial court to reconsider the *denial* of that same party's prior *post-judgment* motion to alter or amend the original judgment.

*Id.* (citation omitted) (emphasis in original). In contrast, the partial grant of Dixon

Bay's motion for j.n.o.v. represented the *first* time that Harrell had been confronted with an unfavorable judgment from the district court. The appellant court therefore construed his motion for reconsideration, timely filed within ten days after entry of the court's order, as "a motion to alter or amend the judgment" pursuant to Rule 59. *Id.*

The same reasoning applies to the case now before us. As in *Harrell,* the trial court's remittitur order left Wright facing a greatly reduced award, so different from the original judgment as to constitute a new judgment. Unlike the situation in *Ellis,* Wright's motion does not parrot the arguments from a prior motion but raises for the first time the grounds upon which the trial court should reconsider its order. We hold that Wright's motion for reconsideration qualified as an original motion "to alter or amend the judgment" pursuant to Rule 59.

B. *Whether the Motion Was Timely*

 In order for Wright's motion to have postponed the time for the filing an appeal, it must have been filed within ten days of the "entry of judgment." Fed.R. Civ.P. 59(e). The ten day period is jurisdictional and cannot be extended by the court. Fed.R.Civ.P. 6(b).

> In a civil case ... the timeliness of a motion for rehearing or reconsideration is governed by Rule 52(b) or Rule 59, each of which allows only 10 days; and Rule 4(a) follows the "traditional and virtually unquestioned practice" in requiring that a motion be timely if it is to toll the time for appeal.

*Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 268–69, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978) (footnote omitted).

We need not decide whether the "entry of judgment" occurred when the district court issued its conditional order denying a new trial, or when Wright subsequently filed its acceptance of the remittitur, since Wright's motion was timely in either case. The district court entered its order on December 13. Wright filed his motion for reconsideration on December 28. Although Wright did not file until fifteen *calendar* days after the order, he had ten *business* days in which to file.

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule[,] "legal holiday" includes ... Christmas Day....

Fed.R.Civ.P. 6(a). Since Rule 6(a) excludes five of the fifteen intervening days,[1] Wright legally filed his motion for reconsideration ten days after he had been ordered to elect between remittitur and a new trial. Consequently, Wright's motion was timely.

### III.

Because Wright's motion for reconsideration was a timely motion to amend the judgment under Rule 59, Preferred's subsequent notice of appeal was premature, and its appeal was properly dismissed. Accordingly, the petition for rehearing is DENIED. No member of this panel nor other judge in active service on this court having requested that the court be polled on rehearing in banc, the suggestion for rehearing in banc is DENIED.

---

**1.** Saturday–December 17, Sunday–December 18, Saturday–December 4, Sunday–December 25, and Monday–December 26 (the legal Christmas holiday).