**In re CARMASSI, INC., Debtor.**

**Bankruptcy No. 88–3026.**
**Motion No. 90–6089M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 19, 1990.

Stanley G. Makoroff, Sable, Makoroff, Sherman & Gusky, Pittsburgh, Pa., Trustee.

Thomas E. Reilly, Davis Reilly, P.C., Pittsburgh, Pa., for Glenda Tongdee.

William E. Kelleher, Jr., Alan J. Misler, Eckert Seamans Cherin & Mellott and Marc S. Reisman, S. David Litman, P.C., Pittsburgh, Pa., for Pitt Retail Ventures, Inc.

Edward J. Laubach, Jr., Sp. Asst. to U.S. Atty., I.R.S., Pittsburgh, Pa.

Deborah Phillips, Com. Pennsylvania, Dept. of Labor and Industry, Pittsburgh, Pa.

Jay Meluso, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several motions by Pitt Retail Ventures, Inc. ("Pitt Retail") are before the Court at this time. Pitt Retail has brought:

(1) a motion for reconsideration of the Order of September 25, 1990, approving the sale of Liquor License No. R–9908 to Glenda Tongdee;

(2) a motion to stay the order approving the trustee's motion to sell said liquor license; and

(3) a motion for a new trial of the matter raised by the trustee's motion to sell said liquor license.

Pitt Retail has brought the same basic motion under three (3) different descriptions. It appears to the Court that Pitt Retail in effect is seeking reconsideration of the order of September 25, 1990, approving the sale of the liquor license to Ms. Tongdee.

Pitt Retail essentially alleges that its failure to appear at the duly scheduled sale of the license was a *de minimis* error which was the result of excusable neglect.

Ms. Tongdee, the purchaser of the liquor license, denies that the failure to appear at the scheduled sale was due to excusable neglect. Respondent further argues that reconsideration should not be granted as the sale in fact secured a purchaser who bid and paid a sum which cannot be determined to be grossly inadequate.

For the reasons hereinafter stated, Pitt Retail's motion to reconsider will be granted, provided that:

(1) it deposits $60,000.00 in a joint escrow account in the name of the trustee and Pitt Retail within ten (10) days of receipt of this Memorandum Opinion and Order;

(2) it deposits an additional $3,000.00 in the same account; to offset all reasonable legal fees and costs incurred by the trustee in connection with Pitt Retail's failure to appear at the sale and to offset all advertising costs incurred in connection with another sale of the liquor license; and

(3) it agrees to reimburse Glenda Tongdee all of her costs (not including legal fees) incurred in connection with the application to obtain approval from the Pennsylvania Liquor Control Board of the transfer of said liquor license to her.

## I

### FACTS

On November 11, 1989, Carmassi, Inc. filed a voluntary Chapter 11 petition. Included among its assets was Liquor License No. R–9908.

A petition to sell the liquor license free and clear of all liens was filed on March 28, 1990.

On July 17, 1990, the case was converted to a Chapter 7 proceeding and a trustee was appointed.

Pitt Retail made an offer to purchase the liquor license for $50,000.00 and deposited $5,000.00 in a joint escrow account on August 17, 1990.

A hearing on the proposed sale was duly noticed and scheduled for 9:00 a.m. on September 25, 1990.

It is the practice of this Court to schedule several such motions on the same day and for the same time. The parties are not informed in advance as to the order in which simultaneously scheduled matters will be heard by the Court. Counsel for Pitt Retail was unaware that the sale of the liquor license in question was the first matter of the day.

As is the Court's customary practice, the sale was held promptly at 9:00 a.m. Although neither Pitt Retail nor its counsel was present in the courtroom at that time, their bid of $50,000.00 was offered as the opening bid. The sale went forward in their absence and the Court entertained other offers for the license and ultimately approved a sale to Ms. Tongdee for $51,000.00.

The sale was concluded at 9:06 a.m. Almost immediately thereafter, counsel for Pitt Retail entered the courtroom. At that time, a discussion took place in the back of the courtroom near the entrance among counsel for Pitt Retail, the trustee, Ms. Tongdee, and her counsel. The trustee informed counsel for Pitt Retail that the sale was over and that Ms. Tongdee had purchased the license. Immediately thereafter, Ms. Tongdee left with her counsel, whereupon counsel for Pitt Retail requested permission to address the Court at 9:11 a.m. and sought to have the sale reopened. The request was denied because Ms. Tongdee had already left and the court proceeded to the next scheduled matter.

Ms. Tongdee to date has expended $7,300.00 in applying to the Pennsylvania Liquor Control Board for approval of the transfer of the liquor license. Said funds may or may not be reimbursable.

## II

### ANALYSIS

■ Parties often mislabel their motions. The type of motion that has been presented is not to be determined solely by how the movant labels it; rather, the court must make an independent determination by looking to the relief sought and to the grounds adduced in support thereof. *Wright v. Preferred Research, Inc.*, 891 F.2d 886 (11th Cir.1990). In other words, the substance of the motion determines the type of motion that it is. *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996 (7th Cir.1989).

■ Pitt Retail's so-called "Motion For Reconsideration" in reality is a motion for relief from judgment or order pursuant to FED.R.CIV.P. 60(b)(1), which provides in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...

According to Pitt Retail, its failure to appear at the scheduled sale was due to excusable neglect on the part of its counsel.

■ There is no *per se* rule concerning excusable neglect on the part of counsel. The question must be determined on an *ad hoc* or case-by-case basis. *Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 919 (3rd Cir.1987). The court must, at a minimum, make findings as to the reasons for counsel's neglect. *Id.*

■ There is no all-inclusive list of factors relevant to determining whether such neglect is excusable. Certain factors, however, may be illuminating. They are:

(1) whether the inadvertence reflects professional incompetence;

(2) whether the inadvertence reflects an easily manufactured excuse incapable of verification;

(3) whether the tardiness results from counsel's failure to provide for a foreseeable consequence;

(4) whether the inadvertence reflects a lack of diligence; and

(5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

*Id.*

■ The Court is convinced, after considering the totality of the circumstances, that counsel's failure to appear at the sale was due to excusable neglect. In particular, the Court is convinced that counsel did indeed make a good faith attempt to appear at the sale but failed to do so due to mitigating circumstances rather than lack of due diligence. Counsel did not know in advance that this particular sale was the first of many scheduled for the same time to be conducted. The sale commenced at 9:00 a.m. and was completed by 9:06 a.m. Counsel for Pitt Retail entered the courtroom moments thereafter and promptly asked the Court at 9:11 a.m. to reopen the sale. The Court considered doing so at that time in the interest of Debtor's bankruptcy estate but did not because Ms. Tongdee had exited the courtroom with her counsel in an apparent attempt to prevent reopening of the sale.

Pitt Retail's motion to reconsider will be granted. However, certain preconditions will be placed upon granting of the relief requested. Pitt Retail indicated to the Court previously that it would have offered as much as $60,000.00 for the license at the sale on September 25, 1990. Pitt Retail will be required to deposit $60,000.00 in a joint escrow account with trustee within ten (10) days. The trustee has already incurred substantial legal fees and costs in connection with Pitt Retail's failure to attend the sale. Also, substantial costs will be incurred in re-advertising a sale of the liquor license. It would be manifestly unjust to expect such costs to be paid out of the bankruptcy estate. Consequently, Pitt Retail also will be required to deposit with the trustee an additional $3,000.00 to cover any reasonable fees and expenses. Finally, it would be unjust were Ms. Tongdee to have to bear the costs of applying for transfer of the liquor license when Pitt Retail failed to appear at the sale. Consequently, Pitt Retail will be required to reimburse Ms. Tongdee for costs incurred in applying for transfer of the license in the event that she is not the purchaser of the license at the next sale and in the event the costs are not refunded by the Commonwealth of Pennsylvania.

Should Pitt Retail fail to meet these preconditions, its motion to reconsider will be

denied and another sale of the liquor license will not take place.[1]

An appropriate Order will be issued.

1. Ms. Tongdee has cited several cases in support of her contention that the sale conducted on September 25, 1990 should stand because Pitt Retail had adequate prior notice of the date and time of the sale and failed to appear through no fault of the trustee or Ms. Tongdee, *see, In re Time Sales Finance Corp.,* 445 F.2d 385 (3rd Cir.1971), *cert. denied,* 405 U.S. 917, 92 S.Ct. 940, 30 L.Ed.2d 786 (1972), and because the price paid for the liquor license was not "grossly inadequate", *see, In re Snyder,* 74 B.R. 872 (Bankr.E.D.Pa.1987). The cases are distinguishable from the present case in that they do *not* involve the failure of an initial bidder to appear at a sale due to excusable neglect on its part. The controlling issue in this case is whether the failure of Pitt Retail to appear at the sale was due to excusable neglect on the part of its counsel. This Court therefore is unwilling to apply their holdings to the present case.