[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15819
Non-Argument Calendar
_____

D. C. Docket No. 03-00162-CV-FTM-29-SPC

AARON K. MARSH,

Plaintiff-Appellant,

versus

DEPARTMENT OF CHILDREN AND FAMILIES,
KATHLEEN KEARNEY, Ex-Former Secretary,
GREGORY VENZ, Executive Director,
LIBERTY BEHAVIORAL HEALTHCARE CORP.,
FLORIDA CIVIL COMMITMENT CENTER,
ROBERT BRIODY, Doctor and Executive Director,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 12, 2007)

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Aaron K. Marsh appeals the district court's dismissal of his pro se complaint, filed pursuant to 42 U.S.C. § 1983, alleging that the defendants, including the Florida Civil Commitment Center and many of its employees, violated his Fourteenth Amendment due process rights, as well as his rights under the Mental Health Patient Bill of Rights, codified at 42 U.S.C. § 9501, and § 10841. He also appeals the district court's denial of his two subsequent motions for reconsideration. Marsh argues that the district court erred by dismissing his complaint for failure to state a claim because, under the standard of 28 U.S.C. § 1915(e)(2)(B)(ii) for pro se prisoners proceeding in forma pauperis, he properly alleged: (1) violations of his substantive and procedural due process rights under the Fourteenth Amendment; and (2) violations of his rights under the Mental Health Patient Bill of Rights.

Marsh is a civil detainee who was being confined pursuant to Fla. Stat. §§ 394.910–934, known as the Jimmy Ryce Act. The purpose of the Jimmy Ryce Act is "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910. According to Marsh's second amended complaint, on August 19, 1999, after he completed a two-year sentence in

2

prison, the state of Florida filed a petition in Florida state court, seeking to confine Marsh under the Jimmy Ryce Act. Once the petition under that Act was filed, Marsh was placed in the custody of the Florida Department of Children and Families. He was then housed at the Florida Civil Commitment Center in Arcardia, Florida.

Marsh alleged that the Center housed him in an "open bay prison dorm against his will," rather than in a private room. He alleged that this impermissibly constituted a "prison environment," rather than a therapy environment. According to his complaint, on March 28, 2002, some of the defendants entered his "dorm" with force and ordered all the residents in the wing to be locked into their rooms because the staff was having problems placing one resident in confinement. Marsh alleged that this kept him from coming out into the day rooms, denying him freedom of movement in violation of his rights as an involuntarily committed patient.

After he and other residents complained about being locked in their rooms, Marsh alleged that in retaliation, some of the defendants falsely reported to other defendants that the residents were armed and that there was a "full scale riot" occurring. Marsh also alleged that while he was locked in his room, officers from the Desoto County Sheriff's Department pointed a shotgun at him, and with the

3

assistance of a police dog, forced him out of the room. Marsh alleged that he was placed in handcuffs and leg-irons, and he was then secluded in secured confinement. According to his complaint, he and the other residents were not given a hearing before being put in secure confinement, and they were not told the length of time they would be confined. Moreover, while Marsh was in secured confinement, officials searched his room without a warrant to look for illegal drugs. Nothing illicit was found, and no charges were brought against Marsh as a result of the search.

Marsh alleged that he was placed in secured confinement for a long period of time without any cause or justification, and that the defendants gave him a false reason for the placement. According to his complaint, the defendants provided Marsh with a memo falsely indicating that he was placed on "secured management" status for participating in a disturbance, and that the length of time he spent there would depend on his "willingness to participate in programs to control these tendencies."

Putting forward these allegations, Marsh, proceeding pro se and in forma pauperis, filed suit against the Department, the Center, and numerous individual employees. On August 28, 2006, the district court, acting sua sponte, entered a final judgment dismissing his complaint for failure to state a claim. Marsh timely

4

filed a motion for reconsideration on September 7, 2006, and he filed an amended version of that motion on September 13, 2006. The district court treated the amended motion as a timely-filed motion under Fed. R. Civ. P. 59(e) and denied the motion through an order entered on September 14, 2006. On September 22, 2006, Marsh filed a motion that he characterized as a "Second Motion for Reconsideration." Because it was filed more than ten days after the entry of the judgment dismissing his complaint, the district court treated the motion as one filed under Fed. R. Civ. P. 60(b), and it denied the motion through an order entered on September 25, 2006. Marsh filed his notice of appeal on October 25, 2006.

The first issue we must address is whether we have appellate jurisdiction over this appeal. "[A] timely notice of appeal is 'mandatory and jurisdictional.'" Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403 (1982) (per curiam) (citation omitted). A party in a civil suit must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Under Fed. R. App. P. 4(a)(4)(A), however, the running of this 30-day period will be tolled if a party files one of the enumerated motions, including a motion to alter or amend the judgment under Fed. R. Civ. P. 59, or a motion for relief under Fed. R. Civ. P. 60 "if the [Rule 60(b)] motion is filed no later than 10 days after judgment is entered." Fed. R. App. P. 4(a)(4)(A). "[T]he

5

time for appeal is postponed only by an <u>original</u> motion of the type specified.  <u>I.e.</u>, a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal."  <u>Wright v. Preferred Research, Inc.</u>, 891 F.2d 886, 889 (11th Cir. 1990).  "Similarly, where the movant pleads substantially the same grounds in a second motion to reconsider as he did in his original pleading, . . . then the time limit is not tolled."  <u>Id.</u>

Because it was filed within ten days of the entry of the judgment dismissing his complaint, Marsh's original motion for reconsideration, as amended, was timely filed and tolled the period for filing his notice of appeal under Fed. R. App. P. 4(a)(4)(A)(iv).  Marsh's "Second Motion for Reconsideration," which was filed more than ten days after the dismissal of his complaint and requested that the district court vacate the dismissal of his complaint, restated the same grounds as his first amended motion for reconsideration.  Specifically, Marsh argued, as he had in his first amended motion for reconsideration, that under the Mental Health Patient Bill of Rights and the 14th Amendment, he should be treated the same as "any involuntarily committed person in the state mental institution."  Because Marsh filed the second motion to reconsider more than ten days after the dismissal of his complaint and relied on the same grounds as he did in his first amended motion to reconsider, the filing of the second motion to reconsider did not toll the 30-day

6

time limit for filing a notice of appeal. See id.; see also Fed. R. App. P. 4(a)(4)(A)(vi). Therefore, the 30-day period began to run when the district court entered its order denying his first amended motion for reconsideration on September 14, 2006. See Fed. R. App. P. 4(a)(4)(A).

Marsh's notice of appeal was filed on October 25, 2006—more than 30 days after the denial of his first amended motion for reconsideration on September 14, 2006. Accordingly, the notice was untimely with respect to the district court's August 28, 2006, judgment dismissing his complaint, as well as the court's September 14, 2006, order denying his first amended motion for reconsideration. We therefore lack appellate jurisdiction to review those two orders, and we dismiss his appeal with respect to them. See Griggs, 459 U.S. at 61, 103 S. Ct. at 403. However, because Marsh's notice of appeal was filed within 30 days of the entry of the district court's order denying his second motion for reconsideration, we have appellate jurisdiction to review the denial of that motion.

As we have mentioned, because it was filed more than ten days after the dismissal of his complaint, the district court treated Marsh's second motion for reconsideration as a motion for relief from judgment under Fed. R. Civ. P. 60(b).

> An order granting or denying relief under Rule 60(b) is final and appealable. An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for

7

review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal. Moreover, a district court's order under Rule 60(b) is reviewable only for abuse of discretion.

Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Marsh, now represented by appointed counsel, argues on appeal that the district court erred in dismissing his complaint because he stated a valid claim for violations of his 14th Amendment rights, as well as for violations of the Mental Health Patients Bill of Rights. However, because we lack jurisdiction over the judgment dismissing his complaint, and a Rule 60(b) motion "does not raise issues in the underlying judgment for review," we cannot address the merits of Marsh's claims. Id. Instead, we must confine ourselves to deciding whether the district court abused its discretion in concluding that Marsh had failed to raise any of the enumerated grounds for relief from judgment under Fed. R. Civ. P. 60(b). See id. We affirm.

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or "(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P.

8

60(b)(1)–(6). In order to obtain relief under Rule 60(b), a party "'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citations omitted).

"[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated . . . a statement of the issues presented for review.'" Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (quoting Fed. R. App. P. 28(a)(5)). Furthermore, we have deemed an issue waived when a party mentioned it in passing in its Statement of the Case without elaborating on it in its arguments on the merits. See Greenbrier, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Although Marsh recognizes in his "Statement of Jurisdiction" that his notice of appeal was timely only with respect to his second motion for reconsideration, nowhere in his brief does he advance any argument that any of the grounds under

9

Fed. R. Civ. P. 60(b) for relief from judgment apply.  Therefore, Marsh has abandoned the only issue on appeal—whether the district court abused its discretion in denying his second motion for reconsideration.  See Access Now, 385 F.3d at 1330; Greenbrier, 881 F.2d at 1573 n.6.  Accordingly, we affirm the district court's denial of Marsh's second motion for reconsideration.

**APPEAL DISMISSED IN PART; AFFIRMED IN PART.**