[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12816
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-03343-CV-ODE-1,
08-03416-CV-ODE-1

1:08-CV-3343

ALFONZO STEVENS,

Plaintiff-Appellant,

versus

WACHOVIA BANK, N.A.,
in Care of McCalla, Raymer, LLC,

Defendant-Appellee.

_____

1:08-CV-3416

ALFONZO STEVENS,

Plaintiff-Appellant,

versus

WACHOVIA BANK, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

(March 9, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Alfonzo Stevens, proceeding *pro se*, appeals the district court's orders denying his motions for "leave to open judgment and order for a new trial," construed as Fed.R.Civ.P. 59(e) ("Rule 59(e)") motions. This appeal concerns two separate but consolidated civil actions removed from state court based on diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441 and 1446. On motion from Wachovia, the district court dismissed the consolidated actions with prejudice on January 15, 2009. Subsequently, Stevens filed a motion for reconsideration in each case, which the district court denied on January 22, 2009. On January 27, 2009, Stevens filed a motion for leave to open judgment and order for a new trial in each case, raising the same substantive arguments as those presented in his earlier pleadings. The district court denied these motions on May 1, 2009. On May 26, 2009, Stevens filed a notice of appeal in each case, in which he identified the district court's May 1, 2009, orders. Because Stevens only generally argues about

the merits of his underlying complaints in his present appellate brief, this appeal raises the questions of (1) whether we have jurisdiction over the instant appeal; and (2) whether Stevens abandoned any argument with respect to the district court's May 1, 2009, orders.

## I.

We have an obligation to review *sua sponte* whether we have jurisdiction at any point in the appellate process. *Finn v. Prudential-Bache Sec., Inc.*, 821 F.2d 581, 584-85 (11th Cir. 1987). In a civil case, "a timely notice of appeal is mandatory and jurisdictional." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (quotation omitted). A party in a civil suit must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed.R.App.P. 4(a)(1)(A). The 30-day period will be tolled if a party files, *inter alia*, a motion to alter or amend the judgment or a motion for a new trial, under Fed.R.Civ.P. 59. Fed.R.App.P. 4(a)(4)(A). "[T]he time for appeal is postponed only by an original motion of the type specified. *I.e.*, a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal." *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). "Similarly, where the movant pleads substantially the same grounds in a second motion to reconsider as he did in his original pleading, . . . then the time

3

limit is not tolled." *Id.* (citations omitted).

In this case, because Stevens's notices of appeal where untimely, we lack jurisdiction to review the district court's underlying judgments and we dismiss this appeal to the extent Stevens attempts to attack those judgments. We have jurisdiction, however, to review the district court's orders denying Stevens's Rule 59(e) motions because the notices of appeal were timely filed as to those orders.

## II.

We review a district court's denial of a Rule 59(e) motion for abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). We liberally reads briefs filed by *pro se* litigants. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997). However, issues not briefed at all on appeal by *pro se* litigants are deemed abandoned. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Here, Stevens abandoned any claim of error as to the district court's orders denying his Rule 59(e) motions because he failed to identify or advance any legal argument concerning a specific error. Accordingly, we affirm the district court's orders denying the Rule 59(e) motions.

## **Conclusion**

Based on our review of the record and the parties' briefs, we dismiss the appeal to the extent that Stevens seeks review of the district court's January 15,

4

2007, order, and affirm as to the district court's denial of the Rule 59(e) motions.

**DISMISSED** in part and **AFFIRMED** in part.