[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13454
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00807-JES-DNF

ROBERT HERRIMAN,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2011)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.


PER CURIAM:

Robert Herriman, proceeding *pro se*, brought this action against the United

States for a refund of federal income taxes withheld from his wages for the years

2002, 2006, and 2007. The Government moved to dismiss his amended complaint on the ground that Herriman's claims were frivolous, and, on December 3, 2009, the district court found the complaint frivolous and granted the motion with prejudice.

On December 23, 2009, Herriman filed a timely motion to alter or amend judgment. *See* Fed. R. Civ. P. 59(e). The motion stated, *inter alia*, that the court had misconstrued the nature of his suit and thus should vacate its judgment and permit him to amend his complaint to frame the pleading on the issues of statutory construction and burden of proof. The court denied his motion on April 27, 2010. The next day, April 28, Herriman filed a motion asking the court to declare the law of the case. The Government responded, saying that Herriman was merely arguing his original claims. On May 20, 2010, the court denied his motion, concluding that Herriman was simply rearguing and raising the same issues as before. On July 15, 2010, Herriman took this appeal.

In civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001). In a civil case where the United States or its agency is a party, a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(B). Rule 4(a)(4)(A)

identifies certain post-trial motions that, if timely filed, toll the appeal-filing period. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. App. P. 59; *and Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, 531. These include a Rule 59(e) motion to alter or amend the judgment and a Rule 60 motion for relief from judgment, both of which toll the appeal-filing period if they are filed within 28 days of entry of the judgment. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). An untimely Rule 4(a)(4) motion does not toll the time to appeal. *See, e.g., Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525-26 (11th Cir. 1991). In addition, successive tolling motions by the same party raising substantially the same grounds for relief do not continue to toll the time to appeal. *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889-90 (11th Cir. 1990).

Furthermore, Fed. R. App. P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Ordinarily, the failure to abide by this requirement will preclude this court from reviewing any judgment or order not so specified. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). An express designation of the order appealed from infers the lack of intent to appeal unmentioned orders. *Osterneck v. E.T. Barwick Industries, Inc.*, 825 F.2d 1521, 1529 (11th Cir. 1987).

Even if we construe Herriman's motion to declare the law of the case as a

Rule 4(a)(4) motion, it did not toll the appeal-filing period because it was not filed within 28 days of entry of the final judgment, and it raised substantially the same grounds for relief as his prior motions. Because his notice of appeal was filed more than 60 days after the time prescribed for appealing from the final judgment or from the motion to alter or amend the judgment, we lack jurisdiction to review only the district's order denying Herriman's motion to declare the law of the case.[1] Moreover, since Herriman's notice of appeal expressly designated only the district court's denial of his motion to declare the law of the case, we infer that he did not intend to appeal the other unspecified orders.

AFFIRMED.

---

[1] Even if we were to entertain Herriman's appeal, we could not consider his law-of-the-case argument because he has abandoned the argument by not advancing it in his brief.