[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15823
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00690-WS-B

KALIM A.R. MUHAMMAD,
individually and on behalf of the family of
Kalim Muhammad and the contract between
Muhammad and Brenda Bethel (Muhammad),

                                                      Plaintiff-Appellant,


                            versus


BRENDA BETHEL-MUHAMMAD,
LAJENNA HATCHER,
DALLAS COUNTY DEPARTMENT OF HUMAN RESOURCES,
ALABAMA DEPARTMENT OF HUMAN RESOURCES,
ATTORNEY GENERAL, STATE OF ALABAMA,
ROBERT E. ARMSTRONG, III

                                                      Defendants-Appellees.

PAUL VAUGHN RUSSELL, et al.,

                                                      Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 16, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Kalim Muhammad, proceeding pro se, seeks to appeal the district court's October 17, 2013, final judgment, entered after the court granted summary judgment or dismissed each of the defendants Muhammad named in his pro se civil action. On appeal, he argues the merits of his underlying case, and twice briefly mentions in passing his subsequent post-judgment motions but does not present any meaningful argument as to those motions. After careful review, we affirm.

In a civil action, a notice of appeal must be filed within 30 days of the entry of the final judgment. Fed.R.App.P. 4(a)(1)(A). This time limit is mandatory and jurisdictional. Wright v. Preferred Research, Inc., 891 F.2d 886, 888 (11th Cir. 1990). The appeal period may be tolled, however, by a timely filed motion of a type enumerated in Fed.R.App.P. 4(a)(4). Fed.R.App.P. 4(a)(1), (4). These motions include motions to alter or amend the judgment pursuant to Fed.R.Civ.P. 59, and motions for relief under Fed.R.Civ.P. 60 if the Rule 60 motion is filed no later than 28 days after the judgment is entered. Id. 4(a)(4)(A)(iv), (vi). In

2

computing the filing time for motion papers, when the period of time specified in the applicable Rule is stated in days or longer units of time, the last day of the period is included in the computation, and if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed.R.Civ.P. 6(a)(1)(C).

Under Rule 59(e), a party can file a motion to alter or amend a judgment within 28 days of the entry of the judgment.  Fed.R.Civ.P. 59(e).  Under Rule 60(b), a court may relieve a party of a final order or judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that was based on an earlier judgment that has been reversed or vacated, or that would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

We construe pleadings filed by pro se parties liberally.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted),

overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Additionally, despite the fact that pro se pleadings will be construed liberally, issues not briefed on appeal are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). A mere passing reference to an issue in an appellant's brief is not sufficient to raise the issue on appeal. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Here, Muhammad's December 19, 2013, notice of appeal was timely only to appeal the district court's November 19, 2013, order denying his "Motion for New Trial," and was not timely to appeal any of the district court's prior orders, including the court's October 17, 2013, final order closing the case. As a result, we do not have jurisdiction to consider arguments about the merits of Muhammad's underlying case. Furthermore, Muhammad has abandoned any argument regarding the court's order denying his Motion for New Trial, however, because he failed to brief any arguments about it on appeal. The few passing references to the post-judgment motions in his briefs, moreover, are insufficient to raise the issue on appeal. Because Muhammad has abandoned his only available argument on appeal, and because we do not have jurisdiction to review the arguments that he did brief, we affirm.

**AFFIRMED**.