[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14028

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01852-ODE

RICARDO WHITE,

Plaintiff - Appellant,

versus

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 14, 2011)

EDMONDSON and PRYOR, Circuit Judges, and HOPKINS,* District Judge.

_____

* Honorable Virginia Emerson Hopkins, United States District Judge for the Northern
District of Alabama, sitting by designation.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.  TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

In this case, we must decide whether an insured's claim against his insurer for breach of contract is barred by the insurance policy's one-year limitation to suit, or whether we must reform the insurance policy to include a two-year limitation to suit, pursuant to Ga. Comp. R. & Regs. 120-2-20-.02.  In making that determination, we must first address whether Rule 120-2-20-.02, a regulation promulgated recently by the Georgia Insurance Commissioner ("Commissioner"), is valid under Georgia law.  Because this appeal presents questions of state law that have not yet been addressed by the Georgia appellate courts, we certify two questions to the Supreme Court of Georgia.

## I.  BACKGROUND

Ricardo White, a Georgia resident, purchased a homeowner's insurance

policy ("Policy") from State Farm Fire and Casualty Company ("State Farm") for coverage between May 2007 and May 2008. The Policy was a first-party insurance contract that provided multiple-line coverage, including coverage for loss or damage caused by both fire and theft. The Policy also provided that a lawsuit against State Farm must be brought "within one year of the date of loss or damage" (the "one-year limitation period").[1] After his home was burglarized in January 2008, White filed a claim under the Policy for loss of more than $135,000 in personal property. State Farm denied the claim based on its determination that White misrepresented material information in filing his claim.

In June 2009 -- more than one year after his date of loss -- White filed a complaint against State Farm in state court alleging claims for breach of contract, bad faith, and fraud. State Farm removed the complaint to federal court based on diversity of citizenship and filed a Fed.R.Civ.P. 56 motion for summary judgment arguing, in part, that White's claims were barred by the Policy's one-year limitation period. In response, White argued that the Policy's one-year limitation period violated Georgia law. In doing so, he relied on the following Georgia regulation, which was made effective to all insurance policies issued on or after 20

---

[1] Although White asserts that "he never received a policy that contained a one year provision to file suit," he concedes that the Policy contained such a provision.

June 2006:

> No property . . . insurance policy providing first party insurance coverage for loss or damage to any type of real or personal property shall contain a contractual limitation requiring commencement of a suit or action within a specified period of time less favorable to the insured than that specified in the "Standard Fire Policy" promulgated by the Commissioner in Chapter 120-2-19-.01 of these Rules and Regulations.

Ga. Comp. R. & Regs. 120-2-20-.02. Georgia's "Standard Fire Policy" provides, in pertinent part, that suit for recovery of a claim must be commenced <u>within two years</u> of the date of the loss. Ga. Comp. R. & Regs. 120-2-19-.01. In its reply, State Farm argued that the Commissioner, under the state constitution, lacked the constitutional authority to promulgate Rule 120-2-20-.02 and thus, the Rule is unenforceable.[2]

On 15 June 2010, the district court issued an order concluding that State Farm failed to demonstrate that the Policy in fact contained a one-year limitation period. As a result, the court denied the insurer summary judgment on White's breach of contract claim. The court did, however, grant the insurer summary judgment on White's bad faith and fraud claims on other grounds.[3] State Farm

---

[2] No federal constitutional issues have been argued in this appeal.

[3] The court concluded that White failed to comply with the 60-day demand notice required by O.C.G.A. § 33-4-6 for bad faith claims and failed to prove the elements of fraud.

filed a motion for reconsideration of the court's ruling on the breach of contract claim. The insurer asserted that it had mistakenly submitted an incomplete copy of the Policy with its motion for summary judgment and resubmitted a copy of the Policy that included the one-year limitation period.

On 16 August 2010, the district court granted State Farm's motion for reconsideration. At that time, the court concluded -- based on language in O.C.G.A. § 33-32-1(a)[4] and Rule 120-2-19-.01 -- that the Policy's one-year limitation period violated Georgia law as it applied to fire coverage. Relying on the Georgia Court of Appeals's decision in Fireman's Fund Ins. Co. v. Dean, 441 S.E.2d 436, 438 (Ga. Ct. App. 1994), the court reformed the Policy to conform with Georgia's Standard Fire Policy and, thus, extended the limitations period for

---

[4] O.C.G.A. § 33-32-1(a) provides:

No policy of fire insurance covering property located in this state shall be made, issued, or delivered unless it conforms as to all provisions and the sequence of the standard or uniform form prescribed by the Commissioner, except that, with regard to multiple line coverage providing other kinds of insurance combined with fire insurance, this Code section shall not apply if the policy contains, with respect to the fire portion of the policy, language at least as favorable to the insured as the applicable portions of the standard fire policy and such multiple line policy has been approved by the Commissioner.

fire coverage to two years. The district court explained, however, that the Policy's one-year limitation period was still valid as it applied to coverage for theft-related damage because O.C.G.A. § 33-32-1(a) applied only to fire coverage. As a result, the court determined that White's breach of contract claim was untimely and granted summary judgment on that claim. In doing so, the court never addressed the applicability of or validity of Rule 120-2-20-.02. This appeal followed.

## II. DISCUSSION

A.   *Jurisdiction*

As an initial matter, State Farm argues that we lack jurisdiction over White's bad faith and fraud claims because White, in effect, failed to include the bad faith and fraud claims in his notice of appeal. "Jurisdiction is a prerequisite to the legitimate exercise of judicial power." Castleberry v. Goldome Credit Corp., 408 F.3d 773, 779 (11th Cir. 2005). Thus, before addressing the substantive issues in this appeal, we must first determine the scope of our jurisdiction.

Fed.R.App.P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Although we generally

construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987) (citing Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1374-75 (11th Cir. 1983)). When a notice of appeal names a specific order to be appealed, "we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." Id. at 1529; see also Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that when the appellant listed a specific order in his notice of appeal, we lacked jurisdiction to review claims that were dismissed in an earlier unnamed order).

White's notice of appeal provided only that he sought to appeal the district court's "Order dated August 16, 2010 wherein [it] granted Defendant's Motion for Reconsideration." In that August order, the district court reconsidered its analysis of White's breach of contract claim and granted summary judgment in favor of State Farm on that claim.

The district court did not address or reconsider the portions of its 15 June 2010 order dismissing White's bad faith or fraud claims. Because White listed only the 16 August 2010 order in his notice of appeal and nothing on the face of the notice otherwise evidenced that he intended to appeal the court's 15 June 2010

7

order, we lack jurisdiction to consider the district court's decision on his bad faith and fraud claims. See Osterneck, 825 F.2d at 1528-29. Having resolved this jurisdictional matter, we are now left with only one issue on appeal: whether White's breach of contract claim was barred by the Policy's one-year limitation period.

B.    *One-Year Limitation Period*

The outcome of this appeal hinges on the validity of Rule 120-2-20-.02, under Georgia law. This issue is one that has not yet been addressed by the Georgia appellate courts.[5] We think the separation-of-powers issue is important; and, after reviewing the pertinent Georgia statutes and regulations, we are uncertain how to proceed.

On the one hand, Georgia's legislature appears to have granted the Commissioner some broad authority to promulgate rules and regulations that are reasonably necessary to implement and enforce the insurance code. See O.C.G.A.

_____

[5] Rule 120-2-20-.02 seems to have been cited in only two Georgia cases, both of which involved fire insurance policies issued before the Rule's effective date. See Thornton v. Ga. Farm Bureau Mut. Ins. Co., 695 S.E.2d 642, 643-44 (Ga. 2010); Morrill v. Cotton States Mut. Ins. Co., 666 S.E.2d 582, 584 (Ga. Ct. App. 2008).

§ 33-2-9 (granting the Commissioner authority to promulgate rules and regulations that "are reasonably necessary to implement" Title 33 of the Georgia Code, titled "Insurance"); O.C.G.A. § 33-6-36 (granting the Commissioner authority to promulgate rules and regulations "necessary to implement and enforce the provisions of" Title 33, Chapter 6, Article 2 of the Georgia Code, titled "Unfair Claims Settlement Practices"). But, the Georgia appellate courts have not addressed the scope of the Commissioner's authority under these statutes. Moreover, we see a potential conflict between O.C.G.A. § 33-32-1(a), which exempts non-fire insurance policies from conforming with the Standard Fire Policy, and Rule 120-2-20-.02, which requires all "property, casualty, credit, marine and transportation, or vehicle insurance polic[ies] providing first party insurance coverage for loss or damage to any type of real or personal property" to conform with the Standard Fire Policy's time limitations on filing suit.

We accept that "[s]ubstantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 (11th Cir. 2003). Pursuant to O.C.G.A. § 15-2-9, we may certify an unresolved question of state law to the Supreme Court of Georgia if the question is determinative of the case and no clear controlling precedent from the Supreme Court of Georgia exists.

9

Because we are now faced with such a situation, we certify the following questions to the Supreme Court of Georgia:

(1)     Did the Georgia Insurance Commissioner act within his legal authority when he promulgated Ga. Comp. R. & Regs. 120-2-20-.02, such that a multiple-line insurance policy providing first-party insurance coverage for theft-related property damage must be reformed to conform with the two-year limitation period provided for in Georgia's Standard Fire Policy, Ga. Comp. R. & Regs. 120-2-19-.01?

(2)     Is this action barred by the Policy's one-year limitation period?

These questions present issues of Georgia state law that can only be resolved by the Supreme Court of Georgia.  We ask for help.  In certifying these questions, we do not intend to restrict the issues considered by the state court or to limit the state court's discretion in choosing how to frame or to answer these issues in the light of the facts of this case.  See Miller v. Scottsdale Ins. Co., 410 F.3d 678, 682 (11th Cir. 2005).  To assist the state court's consideration of these questions, the entire record in this case and the briefs of the parties are transmitted along with this certification.

QUESTIONS CERTIFIED.