[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11581
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00355-UA-DNF


ROBERT MCSPARIN,

                                                    Plaintiff-Appellant,

versus

BARBARA A. MCSPARIN,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 7, 2012)

Before BARKETT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Robert McSparin, proceeding *pro se*, appeals the dismissal of his complaint

against his ex-wife, Barbara McSparin ("Barbara"), brought under 38 U.S.C. § 5301, the Uniformed Services Former Spouses' Protection Act ("FSPA"), 10 U.S.C. § 1408, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and state law.  On appeal, McSparin challenges the district court's conclusion that his claims were barred by the *Rooker-Feldman*[1] doctrine.  For the reasons stated below, we affirm.

## I.

McSparin's complaint alleged the following facts.  McSparin, a completely disabled veteran who was receiving disability benefits from the federal government, filed a petition for divorce against Barbara in a Florida court in 2004. The parties entered into a mediated settlement agreement, in which McSparin agreed to pay permanent periodic alimony, and his veteran benefits were considered in determining the amount of alimony.  McSparin concluded that the agreement violated federal and state law prohibiting the division of veterans' disability benefits, and he filed a motion in the state trial court to vacate the alimony requirement, citing 38 U.S.C. § 5301.  The trial court denied his motion, reasoning that McSparin agreed to pay alimony, that the source of the alimony was

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

2

entirely up to him, and that the court did not violate "any Federal Law" in enforcing the settlement agreement.  Subsequently, McSparin filed a motion for modification of alimony, again citing § 5301, but the trial court refused to grant the relief he requested.  McSparin appealed this decision to the Florida appellate court, which affirmed without an opinion.  He then appealed to the Florida Supreme Court, which dismissed the appeal on December 15, 2010, with a mandate that no motion for rehearing would be entertained.

In his federal complaint, filed on June 21, 2011, McSparin alleged that Barbara and the Florida courts ignored federal and state law by considering his disability benefits in determining the amount of alimony to be paid each month.  Specifically, he alleged a violation of 38 U.S.C. § 5301, the ADA, and a Florida statute regarding the protection of disabled veterans.  He also mentioned the FSPA, but did not explicitly assert a claim for relief under that statute.  McSparin requested declaratory and injunctive relief, as well as various unspecified damages, and he asked the district court to reverse the Florida court's decision on the amount of alimony he was required to pay.

Barbara filed an amended motion to dismiss the complaint, arguing, in relevant part, that McSparin's claims were barred by the *Rooker-Feldman* doctrine because he was asking the district court to review the state court decision and

3

overrule it.  McSparin responded that his complaint did not ask the district court to review the state court decision, but only sought relief from Barbara's discrimination and violation of federal laws.  He also contended, among other things, that the Florida courts ignored federal law.

The district court agreed with Barbara and granted her motion to dismiss, finding that it lacked jurisdiction over McSparin's federal claims under the *Rooker-Feldman* doctrine.  The court then declined to exercise supplemental jurisdiction over his state law claim.  McSparin now appeals.[2]

II.

We review *de novo* a district court's dismissal of a complaint for lack of jurisdiction.  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.* at 1268

---

[2] In his notice of appeal, McSparin specified only the district court's final dismissal order, but in his brief to this Court, he also challenges several of the court's prior orders denying his motions for a default judgment against Barbara.  Because McSparin did not mention these orders in his notice of appeal, and nothing on the face of the notice indicates his intent to appeal them, we lack jurisdiction to review those prior orders. *See White v. State Farm Fire & Cas. Co.*, 664 F.3d 860, 863-64 (11th Cir. 2011) (stating that we lack jurisdiction to review district court orders not specified in an appellant's notice of appeal, "unless the overriding intent to appeal these orders is readily apparent on the face of the notice" (quotation omitted)).  Furthermore, nowhere in his brief does McSparin challenge, or even mention, the district court's refusal to exercise supplemental jurisdiction over his state claim, and, therefore, he has abandoned the issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that, while we read *pro se* briefs liberally, a *pro se* litigant abandons issues that he fails to brief on appeal).

(quotation omitted). The Supreme Court explained that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005); *Nicholson*, 558 F.3d at 1274. The doctrine applies to federal claims raised in state court and to claims that are "inextricably intertwined" with the state court judgment, but it does not apply to claims that the plaintiff did not have a reasonable opportunity to raise in the state court proceedings. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (citation and quotations omitted).

In this case, the district court did not err in finding that the *Rooker-Feldman* doctrine deprived it of jurisdiction over McSparin's lawsuit. It is undisputed that McSparin lost in state court and that the final state court judgment occurred when the Florida Supreme Court dismissed his appeal in December 2010, prior to his filing the instant complaint in June 2011. *See Nicholson*, 558 F.3d at 1279 (holding that, for the *Rooker-Feldman* doctrine to apply, the federal suit must

5

commence after all state appellate proceedings have ended).  Furthermore, in his complaint, McSparin claimed that the state courts injured him by refusing to grant him the relief he requested with respect to his alimony payments, in violation of federal and state law, and he invited the district court to review and reject the state court judgments.  In fact, McSparin specifically asked the district court to reverse the Florida courts' decision regarding the alimony payments.  Thus, in the words of *Exxon Mobil*, McSparin was a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. at 1521-22.

Even if McSparin had failed to raise some of his current federal claims in state court, this would not preclude the application of the *Rooker-Feldman* doctrine.  *See Casale*, 558 F.3d at 1260.  His claims were inextricably intertwined with the state court judgment because, by raising them in the district court, he essentially sought to nullify the state court decision regarding his alimony payments, and nothing suggests that he lacked a reasonable opportunity to raise all of his claims in state court.  *See id.*  Thus, the *Rooker-Feldman* doctrine barred McSparin's federal claims, and the district court correctly dismissed them for lack of jurisdiction.  *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. at 1521-22;

6

*Nicholson*, 558 F.3d at 1274; *Casale*, 558 F.3d at 1259-61 (concluding that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction over the plaintiff's claim that, in prior state court proceedings, the state court violated the FSPA when it enforced a provision in his divorce decree requiring him to pay his ex-wife half of his military retirement pay).  Accordingly, we affirm.

 **AFFIRMED.**