[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10481
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00442-WS-N

KIMBERLY BLACK,

                                        Plaintiff - Appellant,

versus

GARY REYNOLDS,
DIRECT GENERAL CORPORATION,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 22, 2016)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kimberly Black, proceeding pro se,[1] appeals the district court's grant of summary judgment in favor of her former employer, Direct General, Inc.[2] In this civil action, Black asserted claims for sex discrimination and for retaliation, in violation of 42 U.S.C. § 2000e-2(a) and 3(a) ("Title VII"), and for breach of contract in violation of Alabama law.[3] No reversible error has been shown; we affirm.

Black started working for Direct General in December 2012. Sometime thereafter, Black began having conflicts with her area manager, Gary Reynolds. Black complained several times about Reynolds' conduct. And, on at least three occasions, Black's supervisor intervened to remedy the situation. The conflicts

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Black raises no challenge on appeal to the district court's dismissal of Black's claims against Gary Reynolds. Those claims are abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[3] Black also asserted a claim under the Fair Labor Standards Act, 29 U.S.C. § 201. That claim proceeded to trial after which the district court granted Direct General's motion for judgment as a matter of law. That claim is not before us on appeal.

2

between Black and Reynolds reached a critical point on 9 October 2013, when Reynolds accused Black of falsifying her timesheets.

The next day -- on 10 October 2013 -- Black sent an email to members of Direct General's human resources department in which she complained about Reynolds' "bullying and harassment" ("10 October email"). Black received no response.

On 24 October 2013, Black met with Reynolds and two other Direct General managers to discuss the discrepancies in her timesheets. At the conclusion of the meeting, Black's employment was terminated.

Black later filed a claim for sex-based discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). After the EEOC issued Black a notice of her right to sue, Black filed this civil action.

On 15 December 2015, the district court granted in part Direct General's motion for summary judgment ("15 December Order"). In particular, the district court granted summary judgment on all of Black's claims under Title VII -- including Black's sex-based discrimination claims based on theories of failure-to-promote, hostile work environment, and discriminatory termination -- and Black's claim for retaliatory termination. The district court denied Direct General summary judgment, however, on Black's breach-of-contract claim.

3

Direct General moved for reconsideration of the district court's ruling on Black's breach-of-contract claim. Black also filed a "Motion for Interlocutory Appeal of Summary Judgement," which the district court construed as a motion for reconsideration. In her motion, Black challenged only the district court's determination that the 10 October email constituted no protected activity for purposes of proving a Title VII retaliation claim. Black's motion made no mention of the district court's ruling on her Title VII claims for sex-based discrimination.

On 29 January 2016, the district court ruled on both parties' motions. First, the district court denied Black's motion for reconsideration. The district court explained that, because Black's 10 October email constituted no protected activity, Black could prove no claim for retaliation.

In a separate order, the district court granted Direct General's motion for reconsideration. In doing so, the district court determined that Direct General's employee handbook created no contractual relationship and, thus, dismissed with prejudice Black's claim for breach of contract.

Black filed her notice of appeal. Two weeks later -- after a jury trial on Black's FLSA claim -- the district court entered final judgment in favor of Direct General. Black filed no amended notice of appeal.

4

<u>Jurisdiction</u>

Before addressing the substantive issues on appeal, we first must address the scope of our jurisdiction. "Jurisdiction is a prerequisite to the legitimate exercise of judicial power." <u>Castleberry v. Goldome Credit Corp</u>., 408 F.3d 773, 779 (11th Cir. 2005). We review <u>de novo</u> questions of jurisdiction. <u>Heatherwood Holdings, LLC v. HGC, Inc</u>., 746 F.3d 1206, 1216 (11th Cir. 2014).

A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." <u>White v. State Farm Fire & Cas. Co</u>., 664 F.3d 860, 863-64 (11th Cir. 2011). "When a notice of appeal names a specific order to be appealed, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." <u>Id</u>. at 864 (quotation omitted).

In her notice of appeal, Black sought to appeal "the denial of Interlocutory Appeal and dismissal with prejudice of breach of contract entered in this action on 29th day of January, 2016." In its 29 January orders in the light of the motions that

5

triggered the orders, the district court reconsidered only its analysis of Black's claims for retaliatory termination under Title VII and for breach of contract.

Because Black's notice of appeal said only that Black wished to appeal the district court's 29 January orders and because nothing on the face of the notice otherwise evidenced that Black intended to appeal the district court's 15 December Order, we lack jurisdiction to consider the district court's grant of summary judgment on Black's claim for sex-based discrimination under Title VII. See White, 664 F.3d at 863-64. Our jurisdiction over this appeal is thus limited only to Black's claims for retaliatory termination and for breach of contract.

Retaliatory Termination

We review for abuse of discretion the district court's denial of a motion for reconsideration. Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007).

Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of Title VII retaliation, a plaintiff must show that "(1) she engaged in an activity protected

under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

Black contends that her employment was terminated in retaliation for Black having complained to Direct General's human resources department -- in her 10 October email -- about Reynolds' treatment of her.  In her 10 October email, Black says that Reynolds had subjected her to "bullying and harassment" and that Reynolds "has it out for me," "doesn't like me," and is "trying to create a negative paper trail against me."  Nothing in Black's email, however, indicates -- explicitly or implicitly -- that Reynolds' treatment was based on Black's sex.  To the contrary, Black explained that Reynolds was angry with her, at least in part, because of Black's conduct:  Black had complained to her supervisor about Reynolds' plan to expand the office's hours, after which Reynolds told Black "he did not appreciate being back doored."  Because nothing in Black's email indicated that the complained-of conduct was motivated by Black's sex -- as opposed to Reynolds' personal hostility toward Black -- the email constituted no protected activity under Title VII.

7

The record supports the district court's grant of summary judgment on Black's retaliation claim; the district court abused no discretion in denying Black's motion for reconsideration.

Breach of Contract

Briefly stated, Black alleges that Direct General breached its contract with her by failing to discipline Reynolds for conduct that was prohibited by Direct General's employee handbook.

The district court was correct in determining that Direct General's employee handbook constituted no enforceable contract. Black signed an acknowledgement form upon receiving the employee handbook; the acknowledgment signaled that she understood that "neither this Code of Conduct nor any other company policies or practices create an employment contract." Alabama courts will not treat provisions of an employee handbook as enforceable against the employer where the handbook says expressly that it does "not in any way constitute, and should not be construed as a contract of employment between the employer and the employee." See Hoffman-La Roche, Inc. v. Campbell, 512 So. 2d 725, 734 (Ala. 1987).

8

Moreover, the acknowledgment form signed by Black also provided that "Direct [General] has the right to change any of its . . . policies, . . . on an individual basis or for the company as a whole, with or without notice."  Under Alabama law, "[i]f the employer reserves in the employee handbook the right to change policies unilaterally, its reservation operates as a disclaimer to negate any inference that the handbook constitutes an enforceable contract."  Harper v. Winston Cnty., 892 So. 2d 346, 351 (Ala. 2004).

On this record, Black has failed to demonstrate the existence of an enforceable contract between Black and Direct General.  Black's breach-of-contract claim, therefore, fails as a matter of Alabama law.

AFFIRMED.