[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15576
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24026-FAM

JOSHUA DOMOND,
United States Citizen and Florida Resident,
HAROLD HUNTER, JR.,
United States Citizen and North Carolina Resident,

Plaintiffs-Appellants,

versus

PEOPLENETWORK APS,
d.b.a. BeautifulPeople.Com,
BEAUTIFUL PEOPLE LLC,
A California Limited Liability Company,
GREG HODGE,
An individual resident of California and Managing
Director of PeopleNetwork APS d/b/a Beautifulpeople.com,
GENEVIEVE HODGE,
An individual resident of California and Managing Director
of PeopleNetwork APS d/b/a Beautifulpeople.com,

Defendants-Appellees,

GENEVIEVE MAYLAM,
Managing Director of Beautifulpeople.com,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 20, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs Joshua Domond and Harold Hunter, Jr., proceeding pro se on appeal, appeal from the district court's order granting the motion for attorney's fees and costs filed by defendants PeopleNetwork APS; Beautiful People, LLC; Greg Hodge; and Genevieve Hodge (collectively, "BP.com"). On appeal, they argue that: (1) the district court abused its discretion in denying their motion to recuse; (2) the district court lacked jurisdiction to award fees because Domond and Hunter had already appealed from the court's order dismissing their trademark infringement case for failure to state a claim; (3) BP.com was not entitled to fees because it could not show that they had engaged in bad faith or fraud in bringing their case or show that their case stood out from others based on their litigation position or manner of litigating the case; and (4) BP.com's requested rates and hours were unreasonable. After careful review, we affirm.

We review de novo questions concerning our jurisdiction. Weatherly v. Ala. State Univ., 728 F.3d 1263, 1269 (11th Cir.2013). We review the decision to

2

award attorney's fees and the amount of the fees for abuse of discretion.  Tobinick v. Novella, 884 F.3d 1110, 1116 (11th Cir. 2018).  Because findings of fact concerning reasonable hourly rates are subsidiary to the total award, we review them for clear error.  ACLU v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999); Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991).

First, we conclude that we lack jurisdiction over Domond and Hunter's challenge to the denial of their motion to recuse.  A notice of appeal "must designate the judgment, order, or part thereof being appealed."  Fed. R. App. P. 3(c)(1)(B).  We have jurisdiction only to review the judgments or orders specified in the notice of appeal, "unless the overriding intent to appeal these orders is readily apparent on the face of the notice."  Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528-29 (11th Cir. 1987).  If there is no question about which order a party intended to appeal and there is no prejudice in liberally construing a notice of appeal, we will not "stand on technicalities" and instead will effect the intent of the parties.  Pate v. Seaboard R.R., Inc., 819 F.2d 1074, 1077 n.4 (11th Cir. 1987) (quotation omitted); see C. A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. July 1981) (noting that we liberally construed a notice of

appeal as appealing "an unmentioned or mislabeled ruling" when the intent to appeal it was "apparent and there [was] no prejudice to the adverse party").[1]

We will also liberally construe a notice of appeal "when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced." Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308, 1313 (11th Cir. 2004). However, "[w]hen a notice of appeal names a specific order to be appealed, 'we must infer that the appellant did not intend to appeal other unmentioned orders or judgments.'" White v. State Farm Fire & Cas. Co., 664 F.3d 860, 864 (11th Cir. 2011). After a notice of appeal has been filed, the district court retains jurisdiction to rule on motions that are collateral to the merits, including motions for attorney's fees. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003); Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 65 (11th Cir. 1982).

Here, we lack jurisdiction over the denial of Domond and Hunter's motion to recuse because the notice of appeal has not expressed an intent to appeal it. The notice of appeal does not expressly designate the order; the designation of the order granting attorney's fees implies that Domond and Hunter did not intend to appeal the denial of their motion to recuse; the notice of appeal does not designate claims or issues that are inextricably intertwined with issues or claims in the order or the motion to recuse; and the motion to recuse does not even reference the motion for

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

attorney's fees.  See White, 664 F.3d at 864; Hill, 364 F.3d at 1313; Osterneck, 825 F.2d at 1528-29; Pate, 819 F.2d at 1077 n.4; C.A. May Marine Supply, 649 F.2d at 1056.  We, therefore, have no jurisdiction to review the motion to recuse.

As for Domond and Hunter's challenge to the award of attorney's fees, we are unpersuaded.  Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  To be exceptional, a case must "'stand[] out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated."  Tobinick, 884 F.3d at 1118 (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014)).  The district court has the discretion to determine whether a case stands out from others based on the totality of the circumstances. Id. at 1117.  In Tobinick, we recognized that Octane Fitness had abrogated our prior precedent that held attorney's fees were appropriate in Lanham Act cases only when a case involved exceptional circumstances and there was evidence of fraud or bad faith.  Id. at 1117-18.

What constitutes a reasonable attorney's fee is calculated using the "lodestar" method, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); see also Tire Kingdom, Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1336-37 (11th Cir. 2001) (applying the lodestar method in a

Lanham Act case).  The "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."    Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The party seeking attorneys' fees bears the burden of proving that his requested rate is in line with prevailing market rates, and his own affidavit is insufficient to meet this burden.  Id.  In establishing a reasonable hourly rate, the court may consider certain factors, and rely on its own expertise.  Id. at 1299, 1304.

In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any "excessive, redundant, or otherwise unnecessary" hours from the amount claimed.  Id. at 1301 (quotation omitted). "[T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  Id. (emphasis omitted).

Here, the district court did not abuse its discretion in granting the motion for attorney's fees and costs.[2]  As the record reveals, BP.com was entitled to fees as the prevailing party in a case that stood out from others because the case was baseless.  See 15 U.S.C. § 1117(a); Tobinick, 884 F.3d at 1118.  Indeed, Domond

---

[2]    We hold, as an initial matter, that the district court had jurisdiction to decide the attorney's fee issue because that issue was collateral to the merits issues that had been appealed. See Mahone, 326 F.3d at 1179; Rothenberg, 677 F.2d at 65.

and Hunter's litigation position was unusually weak -- their amended complaint admitted that BP.com used the marks first and a nonjudicial panel in another dispute between the two parties had concluded that BP.com used the marks first. See Tobinick, 884 F.3d at 1117-18.  Domond and Hunter's threats that BP.com would be begging for mercy, demand for a licensing fee to settle the dispute, and their baseless accusation on appeal that the district court conspired to help BP.com in exchange for payment, further support that this was an "exceptional case" under the totality of the circumstances.  See id. at 1117-18.

Nor did the district court abuse its discretion in awarding the fees and costs that BP.com requested.  For starters, the district court did not clearly err in expressly concluding that the BP.com's counsel's hourly rates were reasonable and, by adopting BP.com's lodestar calculation, implicitly concluding that the other rates were reasonable.  See ACLU, 168 F.3d at 436; Turner, 944 F.2d at 808. BP.com provided evidence that its counsel's rates were comparable to the prevailing market rate in Miami for trademark litigation services by lawyers of reasonably comparable skills, experience, reputation, and role in the litigation.  See Norman, 836 F.2d at 1299.  To the extent Domond and Hunter argue that the rates of two of the attorneys ($425 and $650) were too high because the attorneys allegedly did not have the requisite skill, experience, and reputation in intellectual property law, we disagree.  Those partner rates are reasonable in light of the

7

evidence about Miami rates (which included an average partner rate of $655) and in light of counsel's skills, experience, and reputation.  See Norman, 836 F.2d at 1299.  As for the rate of the third attorney ($645 to $675), the district court did not abuse its discretion in failing to adjust those rates downward, in light of his value as an attorney and the evidence of the Miami rates.  See Norman, 836 F.2d at 1299.

The district court also did not abuse its discretion in determining the amount of hours for the lodestar.  The objected-to billing entries were not obviously excessive, duplicative, or indiscernible, so the district court did not abuse its discretion in concluding that Domond and Hunter had to do more than object without a full explanation.  Cf. Norman, 836 F.2d at 1301.  The record further indicates that the district court correctly concluded that the attorneys efficiently billed work and distributed it to attorneys charging lower rates.  Cf. id.  It does not appear that Domond and Hunter challenge the costs on appeal, so any challenge to those costs is abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that while we liberally construes pro se briefs, we will deem abandoned any issues that a pro se litigant does not brief on appeal).

Accordingly, we affirm the order granting the motion for attorney's fees and costs.

**AFFIRMED**.