[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12452
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00502-JSM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 13, 2020)

Before JORDAN, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Priscilla Ann Ellis appeals from the district court's May 31, 2019 order denying two post-judgment motions filed in one of her two criminal cases.  On appeal, the government has moved to dismiss the appeal for lack of jurisdiction, for

summary affirmance, and to stay the briefing schedule pending resolution of its motion.

## I.

The government's motion to dismiss the appeal for lack of jurisdiction is GRANTED to the extent that the arguments Ellis has raised in her initial brief that attack her underlying convictions or sentences are outside the scope of this appeal. *See* Fed. R. App. P. 3(c)(1)(B) (requiring that a notice of appeal "designate the judgment, order, or part thereof being appealed"); *White v. State Farm Fire and Cas. Co*, 664 F.3d 860, 863-64 (11th Cir. 2011) (noting that, while we have discretion to disregard irregularities in the form of a notice of appeal, an express designation of the order appealed from implies the lack of intent to appeal unmentioned orders and issues that were unrelated to the orders designated in the notice of appeal).  We also note that Ellis has already filed appeals from her criminal judgments. *See United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978) (concluding that appellant was not entitled to two appeals from his conviction).

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review questions of the district court's subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). Likewise, we review claims of double jeopardy *de novo*. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). "We may affirm for any reason supported by the record, even if not relied upon by the district court." *Al-Arian*, 514 F.3d at 1189 (quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Challenges to the execution of a sentence, rather than to its validity, are properly brought under 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). And while prisoners may also bring civil actions alleging

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

constitutional violations in the course of confinement by specific federal actors under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal actors enjoy qualified immunity for acts done in the actor's official capacity. *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Moreover, "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCollough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018).

The Bureau of Prisons ("BOP") is authorized to designate a prisoner's place of imprisonment subject to, *inter alia*, a prisoner's security designation, recommendations of the sentencing court, and any other security concerns of the BOP. 18 U.S.C. § 3621(b). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person." *Id.* A defendant's valid conviction authorizes the government to "confine [her] and subject [her] to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). "That life in one prison is much more disagreeable than in another does not in itself signify that a [Due Process] liberty interest is implicated when a prisoner is transferred to the institution with more severe rules." *Id.* at 225.

We GRANT the government's motion for summary affirmance as to Ellis's remaining challenges regarding her confinement.  Although Ellis properly appealed from the district court's order denying her motion for law library access, she has abandoned any challenge to the denial of that motion by failing to raise any argument about it on appeal.  *See Timson*, 518 F.3d at 874.  Had Ellis's challenges to the imposition of Special Administrative Measures ("SAMs") and her designation to a high-security facility been brought under 28 U.S.C. § 2241, the district court lacked jurisdiction over them and, had she brought them under *Bivens*, the district judge was entitled to absolute immunity.  *See McCollough*, 907 F.3d at 1330; *Fernandez*, 941 F.2d at 1495.  And to the extent Ellis is challenging the BOP's implementation of extra security measures, that decision is completely within the BOP's discretion.  *See* 18 U.S.C. § 3621(b).  Although the district court summarily denied Ellis's motions, we may affirm on any ground supported by the record.  *See Al-Arian*, 514 F.3d at 1189.

Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, the government's motion for summary affirmance is GRANTED as to Ellis's challenges regarding her confinement, and its motion to stay the briefing schedule is DENIED as moot.

5