[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-11913
Non-Argument Calendar

————————————————

D.C. Docket No. 0:16-cv-62499-JIC

COREY DAVIS,

Plaintiff-Appellant,

versus

SHAMERE MCKENZIE,
SUN GATE FOUNDATION,
PUBLIC BROADCASTING SERVICE,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(June 23, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Corey Davis, an inmate proceeding *pro se*, appeals following the dismissal with prejudice of his complaint, brought in diversity and alleging defamation and various other Florida state law causes of action, for failure to state a claim, due to *res judicata*, and as frivolous or malicious, under 28 U.S.C. § 1915(e)(2)(B)(i) and (g). As explained below, Davis appeals from both the dismissal of his complaint and the court's subsequent denial of his motion for reconsideration of that judgment, of which he filed two.[1] The district court dismissed Davis's complaint in February 2018, after a magistrate judge discovered that he, without disclosure to the court, had filed a nearly identical action, as to all defendants but the Public Broadcasting Service ("PBS"), in the Northern District of Illinois in February 2017 (the "Illinois suit"), after he initiated the instant proceedings in 2016. The magistrate judge thus issued three separate reports and recommendations ("R&Rs"), which recommended, in pertinent part, dismissal of Davis's complaint on the preceding grounds.

Subsequently, Davis moved for reconsideration of the R&Rs, but he did not file objections to them. Accordingly, the district court adopted all three R&Rs in full and dismissed Davis's complaint with prejudice on February 8, 2018. Less

---

[1] Davis's notice of appeal does not specify whether he only intended to appeal the denial of one, or both, of his two motions for reconsideration of the district court's dismissal of his complaint. Because we construe liberally both *pro se* filings and notices of appeal generally, we will construe Davis's notice as encompassing both motions. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (*pro se* filings); *White v. State Farm Fire and Cas. Co.*, 664 F.3d 860, 863–64 (11th Cir. 2011) (notices of appeal).

than 28 days later, Davis then moved for reconsideration of that judgment under Rule 59(e), which the court denied on March 6, 2018.   Then, on April 9, 2018, he moved for reconsideration of that ruling, requested leave to file out-of-time objections to the R&Rs, and attached objections he sought to raise as to the R&Rs. After the court denied the latter two motions on April 11, 2018, and entered judgment accordingly, Davis appealed on May 3, 2018.

On appeal, Davis argues that the district court's *res judicata* determination was incorrect, that the defendants' defamatory statements were "not substantially true," and that the February 2018 dismissal of his complaint was erroneous.  He does not, however, expressly refer to the denial of his second post-judgment motion for reconsideration or motion for leave to file out-of-time objections to the R&Rs.

Before addressing Davis's arguments, we must determine whether we have jurisdiction over his appeal.  A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A).  In civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction.  *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Under Rule 4(a)(4)(A), however, the running of this 30–day period will be tolled if a party files one of the enumerated motions, including a motion to alter or

3

amend the judgment under Rule 59 of the Federal Rules of Civil Procedure.  Fed. R. App. P. 4(a)(4)(A).  "[T]he time for appeal is postponed only by an original motion of the type specified. *I.e.*, a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal."  *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990).  "Similarly, where the movant pleads substantially the same grounds in a second motion to reconsider as he did in his original pleading, . . . then the time limit is not tolled."  *Id.*

Further, our review is generally limited to the judgment, order, or part thereof that an appellant designates in his notice of appeal.  *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987); *see also* Fed. R. App. P. 3(c)(1)(B).  We generally construe an appellant's notice of appeal liberally, but we "will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice."  *White v. State Farm Fire and Cas. Co.*, 664 F.3d 860, 863–64 (11th Cir. 2011).  Additionally, when the notice names a specific order to be appealed, we infer a lack of intent to appeal unmentioned orders or judgments.  *Id.* at 864.

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, a court may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an

4

action." *Id.* at 1168–69.  Moreover, all litigants in federal court—*pro se* or counseled—are required to comply with the applicable procedural rules.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  A litigant abandons an issue by failing to challenge it on appeal.  *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying the same to a *pro se* litigant).

Here, we lack jurisdiction to entertain Davis's appeal of the district court's February 2018 judgment of dismissal or its March 2018 denial of his first motion for reconsideration, because he did not file his notice of appeal within 30 days of the latter.  Although his first motion for reconsideration tolled the time for appealing the February 2018 judgment, the second such motion did not because it did not assert new grounds.  *See Wright*, 891 F.2d at 889.  Accordingly, his appeal is timely only as to the court's April 2018 denial of his second motion for reconsideration and his motion for leave to file out-of-time objections to the R&Rs. Further, the objections Davis sought to raise to the R&Rs were not properly before the district court, the court did not consider them, and they are thus outside of the scope of Davis's appeal.  Finally, Davis makes no discrete argument as to the only issue that *is* within the scope of his appeal—the denial of his second post-judgment motion for reconsideration and his motion for leave to file out-of-time objections to the R&Rs.  He has thus abandoned any challenge to those rulings—and, effectively, his entire appeal—by failing to raise any argument relevant to them.

*See Irwin*, 40 F.3d 347 n.1.  Because we will not rewrite a deficient pleading to sustain Davis's appeal, we dismiss it.  *See Campbell*, F.3d at 1168–69.

**APPEAL DISMISSED.**