[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13431
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60285-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYL DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Daryl Davis, a federal prisoner proceeding *pro se*, appeals the district court's orders denying his motion for resentencing and his motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  He argues that the district court erred in rejecting his motion for resentencing because his sentence was unconstitutionally enhanced in violation of the Sixth Amendment.  He also argues that the district court abused its discretion in denying his motion for compassionate release because his lack of a spleen, poor prison conditions, and his need to care for his legally blind mother constituted extraordinary and compelling circumstances warranting release.  After reading the parties' briefs and reviewing the record, we affirm the district court's orders.

**I.**

A Southern District of Florida grand jury returned a second superseding indictment charging that, between May 2010 and October 1, 2010, Davis and five co-defendants, conspired to commit Hobbs Act robbery of employees of Brink's Incorporated, in violation of 18 U.S.C. § 1951(a) (Count I).  The indictment further charged Davis and four others with attempt to commit Hobbs Act robbery of Brink's security guards, in violation of 18 U.S.C. §§ 1951(a) and 2 and using and

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

2

carrying a firearm during and in relation to that crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 2, at a Bank of America in Lighthouse Point, Florida (Counts 2 and 3). The indictment also charged Davis and several others with attempt to commit Hobbs Act robbery of Brink's security guards, in violation of 18 U.S.C. §§ 1951(a) and 2 and using and carrying a firearm during and in relation to that crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, at a Bank of America in Miramar, Florida (Counts 4 and 5). The indictment further alleged that on October 1, 2010, Davis and several others committed Hobbs Act robbery of Brink's security guards at a Bank of America in Miramar, Florida (Count 6); used and carried a firearm during and in relation to that crime (Count 7); and carried and used a firearm in furtherance of a crime of violence, resulting in the death of a Brink's security guard, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2 (Count 8). Pertinent to the instant appeal, the jury found Davis guilty as to Count 1 but failed to reach a verdict as to the remaining counts. Rather than re-trying Davis, the government dismissed Counts 2-8.

The probation officer calculated Davis's total offense level by first determining the offense level for each robbery that he conspired to commit, pursuant to U.S.S.G. § 1B1.2(d). For the July 2010 attempted robbery, Davis's base offense level was 20, pursuant to U.S.S.G. § 2B3.1(a), and the probation officer added five levels because a co-defendant possessed a firearm, pursuant to

3

U.S.S.G. § 2B1.3(b)(2)(C), thus making his total offense level 25. The probation officer similarly calculated Davis's offense level for the September 2010 robbery. However, for the October 2010 robbery, the probation officer applied the cross-reference in U.S.S.G. § 2B3.1(c)(1), which requires the application of the murder guideline, § 2A1.1, if a victim was killed during the robbery under circumstances constituting murder. Thus, Davis's base offense, with no further adjustments, was 43.

Based on a total offense level of 43 and a criminal history category of I, Davis's guideline imprisonment range was life. However, pursuant to U.S.S.G. § 5G1.1(a), the statutory maximum sentence of 20 years became the guideline sentence. Davis objected to the applications of U.S.S.G. § 2B3.1(c)(1) and § 2A1.1, and the resulting offense level of 43, and to the five-level firearm enhancement. The government responded, and the district court conducted a sentencing hearing. After considering the parties' arguments about the sentencing factors and overruling Davis's objections, the district court sentenced Davis to 20 years' imprisonment. Davis appealed, claiming that his sentence was procedurally and substantively unreasonable and that the district court erred by applying the cross-reference provision in U.S.S.G. § 2B3.1(c). On direct appeal, we affirmed Davis's conviction and sentence. *See United States v. Johnson*, 645 F. App'x 954 (11th Cir. 2016).

In July 2016, Davis filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, which the district court denied.  Davis appealed from the district court's order denying his motion to vacate, and we denied Davis a certificate of appealability ("COA").  In August 2020, Davis filed a *pro se* motion for resentencing, which the district court denied.  Davis also filed a *pro se* motion based on the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 (Mar. 27, 2020) ("CARES Act"), asserting that the institution where he was incarcerated was a COVID-19 epicenter and that release to home confinement would enable him to care for his legally blind mother.  The district court denied Davis's motion for release, finding that he had not shown "extraordinary and compelling reasons" that warranted a reduction in his sentence.  Davis filed a notice of appeal with respect to the district court's denial of his motion for resentencing, and within the notice of appeal, he included a motion for compassionate release that was not present on the district court docket or addressed by the district court.[2]

---

[2] Soon after Davis filed his initial brief, he submitted a filing to this court, in which he asserted that his first appellate brief concerned his criminal case and that his second brief would address the issue of compassionate release.  He explained his misunderstanding and requested that the court read both briefs together.  We construed his filing as a motion for leave to file a supplemental brief and granted it.

**II**.

A federal prisoner must file a motion to vacate, pursuant to 28 U.S.C. § 2255, to collaterally attack the legality of his sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). A motion to vacate allows a prisoner to contest his sentence on the ground that his sentence was unconstitutional or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence must request that a court of appeals order the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. Without authorization, the district court lacks jurisdiction to consider the second or successive motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

A district court should dismiss without prejudice, not deny, an unauthorized second or successive application challenging the movant's sentence. *See Magwood v. Patterson*, 561 U.S. 320, 338–39, 130 S. Ct. 2788, 2800-01 (2010). We may affirm a district court's judgment on any ground supported by the record, even if the district court relied upon an incorrect ground or gave an incorrect reason. *See Alvarez v. Royal Atl. Dev.*, *Inc*., 610 F.3d 1253, 1264 (11th Cir. 2010). We may also affirm a dismissal with prejudice while modifying it to a dismissal

6

without prejudice, if necessary. *See Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (in the context of exhaustion of administrative remedies).

On appeal, Davis argues that his sentence was unconstitutionally enhanced in violation of the Sixth Amendment. The government responds that 28 U.S.C. § 2255 was the only basis upon which Davis could have brought his claim for resentencing but that Davis failed to seek authorization to bring a successive § 2255 motion and the district court should have dismissed, not denied, his motion for resentencing because it lacked jurisdiction. The government further asserts that we rejected Davis's claim as to the murder cross-reference enhancement on direct appeal, and that Davis's arguments in his successive § 2255 motion lack merit.

Based on our review of the record, we conclude that the district court did not err in rejecting Davis's motion for resentencing because the motion was effectively an unauthorized successive 28 U.S.C. § 2255 motion, as Davis was seeking to collaterally attack his sentence again and without our approval. However, because the district court lacked jurisdiction, it should have dismissed Davis's motion without prejudice, as opposed to denying it. Accordingly, we affirm the district court's order but modify it to a dismissal without prejudice.

## III.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir.

2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *Id*. (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).  A finding of fact is clearly erroneous only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation marks omitted).  A district court also abuses its discretion when it fails to consider the applicable 18 U.S.C. § 3553(a) sentencing factors when deciding a motion under § 3582(c)(1)(A)(i).  *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021).  The abuse of discretion standard is not "simply a rubber stamp" because a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review."  *Id*. at 1183 (quotation marks omitted).

Rule 3(c) of the Federal Rules of Appellate Procedure provides that notices of appeal shall specify the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken.  Fed. R. App. P. 3(c)(1).  The requirements of Rule 3(c) are jurisdictional but liberally construed.  *See Smith v. Barry*, 502 U.S. 244, 247–48, 112 S. Ct. 678, 681 (1992).  Indeed, the Rule itself instructs that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party

whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4); *see also Becker v. Montgomery*, 532 U.S. 757, 767, 121 S. Ct. 1801, 1808 (2001) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, [and] to which appellate court.").

Generally, we have jurisdiction to review only those judgments, orders, or portions thereof which are specified in the notice of appeal. *White v. State Farm Fire & Cas. Co.*, 664 F.3d 860, 863–64 (11th Cir. 2011). However, we also allow a notice of appeal to be effective for unspecified orders if it is clear that the appellant's "overriding intent" was to appeal and the other party is not prejudiced. *KH Outdoor, L.L.C. v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). We may look to the record, including the parties' briefs, to determine the orders or parts thereof an appellant intended to appeal. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Additionally, we "embrace[] a policy of liberal construction of notices of appeal when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (quotation marks omitted). We liberally construe the pleadings of *pro se* litigants. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

9

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, ___ S. Ct. ___, No. 20-6841 (U.S. May 17, 2021). The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. According to the commentary, extraordinary and compelling reasons can exist when (1) a prisoner is suffering from a serious or terminal medical condition; (2) the prisoner is at least 65 years old; or (3) the death or incapacitation (a) of the caregiver of the prisoner's minor child or children, or (b) of the caregiver of the prisoner's spouse or registered partner when he would be the only available caregiver for the spouse or partner. *Id.*, comment. (n.1).

In a recent opinion, we concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts are bound to apply § 1B1.13's definition of "extraordinary and compelling reasons" when deciding prisoners' motions. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). District courts do not have the discretion under the catch-all provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1263–64.

Based on our review of the record, we conclude that the district court did not abuse its discretion in denying Davis's motion for compassionate release because Davis failed to demonstrate extraordinary and compelling reasons that would warrant release.  Davis's argument that the prison environment heightened the risk of contracting COVID-19 was insufficient to show extraordinary and compelling reasons because prison conditions are not included in USSG § 1B1.13's definition of "extraordinary and compelling reasons," and the district court lacked the discretion to consider other reasons not listed.  Moreover, the district court lacked discretion to find that Davis's assertion that he needed to care for his blind mother did not show extraordinary and compelling reasons for release because the family-member portion of the policy statement does not include the care of an individual's parents.  *See* USSG § 1B1.13, comment. (n.1(C)).  Davis did not allege any other reason listed and asserts for the first time on appeal that his lack of a spleen heightens his vulnerability to COVID-19 and that he is not a flight risk.  This does not demonstrate an extraordinary and compelling reason.  *See United States v. Mantack*, 833 F. App'x 819, 820 (11th Cir. 2021) (district court committed no error in finding that the defendant failed to show that his lack of a spleen constituted an extraordinary and compelling reason for purposes of compassionate release).

11

Accordingly, based on the aforementioned reasons, we affirm the district court's orders denying Davis's motions for resentencing and for compassionate release but modify the order denying his motion for resentencing to a dismissal without prejudice for lack of jurisdiction.

**AFFIRMED AS MODIFIED.**